IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 25-cr-00176-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LARRY YBARRA, and
2. RENEE GONZALES,

    Defendants.

___

**ORDER**
___

This matter is before the Court on defendant Larry Ybarra's Motion to Sever Counts and Proceed to Trial on Count 1 as Scheduled [Docket No. 88].

### I.  BACKGROUND

On May 22, 2025, the grand jury returned a one-count indictment against defendant Larry Ybarra.  Docket No. 1.  The indictment charged Mr. Ybarra with possession of ammunition by a prohibited person on or about May 10, 2025, in violation of 18 U.S.C. § 922(g)(1).  *Id.* at 1.

On October 8, 2025, a superseding indictment was filed charging Mr. Ybarra with two additional counts, possession of a firearm and ammunition by a prohibited person on or between March 16, 2024 through May 14, 2025 in violation of 18 U.S.C. § 922(g)(1) (Count 2) and destruction of records on or about and between May 22, 2025 and July 1, 2025 in violation of 18 U.S.C. §§ 1519 and 2 (Count 3).  Docket No. 69 at 1-2.  The superseding indictment also charges Renee Gonzales, Mr. Ybarra's girlfriend,

with one count of destruction of records on or about and between May 22, 2025 and July 1, 2025 in violation of 18 U.S.C. §§ 1519 and 2 (Count 3). *Id*. at 2.

Mr. Ybarra argues that there is no connection between Count 1 and Counts 2 and 3 and requests that the Court sever Count 1 pursuant to Fed. R. Crim. P. 14(a). Docket No. 88 at 5-10. The government filed a response opposing defendant's motion. Docket No. 96. Mr. Ybarra does not seek to sever his charges from Ms. Gonzales' charge.

## II.   LEGAL STANDARD

Rule 8(a) of the Federal Rules of Criminal Procedure governs the joinder of offenses and provides that:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Courts "construe Rule 8(a) broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Jones*, 530 F.3d 1292, 1298 (10th Cir. 2008) (quoting *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997)). The Supreme Court "has long recognized that joint trials conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *Id*. (internal quotation and citations omitted).

"However, even in the absence of a misjoinder under Rule 8(a), the court may order the separate trials of counts if it appears that a defendant is prejudiced by a joinder of offenses." *United States v. Janus Indus*., 48 F.3d 1548, 1557 (10th Cir. 1995) (internal quotations, alterations, and citation omitted). Rule 14(a) of the Federal Rules of Criminal Procedure provides that:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts." *United States v. Martin*, 18 F.3d 1515, 1518 (10th Cir. 1994) (citations omitted). In establishing "real prejudice," the defendant must "demonstrate that the alleged prejudice he suffer[s] outweigh[s] the expense and inconvenience of separate trials." *Id*. (citations omitted). "It is not enough to show that separate trials may have afforded a better chance of acquittal. Rather, to demonstrate prejudice, a defendant must show the right to a fair trial is threatened or actually impaired." *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017) (citations omitted). "As a general rule, the decision to grant severance and order separate trials is within the sound discretion of the trial court." *Jones*, 530 F.3d at 1300 (internal quotations, alterations, and citation omitted).

### III.   ANALYSIS

Mr. Ybarra's principal argument is that there is no connection between Count 1 and the two counts added by the superseding indictment. Docket No. 88 at 5. Count 1 charges Mr. Ybarra with possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), on or about May 10, 2025. Docket No. 69 at 1. On that date, Mr. Ybarra was involved in an altercation with two men in connection with a traffic accident in downtown Denver. A video of the incident shows that one of the men had a handgun and hit Mr. Ybarra with it. When that man accidently dropped the gun, Mr. Ybarra picked it up and shot him. Mr. Ybarra fired several more shots into the street, got into the vehicle he arrived in, and fired another shot as the vehicle leaves. The firearm that

Mr. Ybarra fired has not been recovered. In the motion to sever, Mr. Ybarra claims that his "brief possession of shell casings" was "spontaneous and done out of necessity and in self-defense." Docket No. 88 at 7.

Count 2 charges Mr. Ybarra with possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), on or between March 16, 2024 and May 14, 2025. Docket No. 69 at 1-2. The firearm at issue is a Glock 43 pistol which was seized on May 14, 2025 in Ms. Gonzales' apartment after a search warrant was obtained to search for the firearm and ammunition used in the May 10, 2025 incident.[1] Docket No. 44 at 4. Mr. Ybarra states that there is no evidence to suggest that the Glock pistol is linked to the May 10 incident. Docket No. 88 at 7. However, Mr. Ybarra's DNA was found on the Glock pistol, as confirmed by test results that the government received on or about July 29, 2025. Docket No. 67 at 2.

Count 3 charges both Mr. Ybarra and Ms. Gonzales with destruction of records, in violation of 18 U.S.C. §§ 1519 and 2, on or between May 22, 2025 and July 1, 2025. Docket No. 69 at 2. The government bases this charge, in part, on conversations between Mr. Ybarra and Ms. Gonzales after Mr. Ybarra was arrested in this case, wherein the defendants "repeatedly discussed the need to urgently delete evidence from the defendant's phone, as such evidence would 'hurt' him." Docket No. 96 at 5. The government claims that Mr. Ybarra's iCloud account, "containing the contents of his cell phone, was deleted on July 1, 2025." *Id*. at 3. Mr. Ybarra maintains that Count 3

---

[1] While Count 2 does not specify the firearm or firearms possessed during the times alleged, Mr. Ybarra assumes that the government will focus on the Glock pistol. *See* Docket No. 88 at 3. For purposes of this order, the Court will also assume that the Glock pistol is the focus of Count 2.

"concerns alleged destruction of evidence related to the possession of firearms referenced in Count 2, but has no connection to Count 1." Docket No. 88 at 5. The government, however, responds that Count 1, involving the May 10 incident, is "based on the same act" and is part of a "common scheme or plan" as Count 3, the destruction of evidence count. Docket No. 96 at 5. Specifically, the government argues that "[t]he discussion of the May 10, 2025 shooting so close in time to the defendant's request to delete the contents of his phone, combined with the defendant's knowledge that ATF was investigating the May 10, 2025 shooting, demonstrates that efforts to delete the contents of the defendant's phone were designed, in substantial part, to obstruct and impede the investigation of the shooting (*i.e.*, Count 1)." *Id*. at 2-3. Moreover, the government states that "Count 3 relates to *both* Counts 1 and 2."[2] *Id*. at 2; *see also id*. at 7.

    Mr. Ybarra is correct that Count 1, charging the possession of ammunition on May 10, 2025, and Count 2, charging the possession of a firearm and ammunition between March 16, 2024 and May 14, 2025, are not directly related. However, there is a factual connection between the two counts in that the Glock pistol that is the focus of Count 2 was discovered at Ms. Gonzales' residence during the investigation of Count 1. Thus, the discovery of the Glock pistol is tied to the investigation of Count 1. In addition, forensic examination of the Glock pistol allegedly found Mr. Ybarra's DNA. Counts 1

---

[2] Although the government does not explain the connection between Count 3 and Count 2, other than to indicate that the defendants allegedly made jail calls discussing the need to delete the contents of Mr. Ybarra's telephone, Mr. Ybarra's motion in limine sought to exclude evidence of Mr. Ybarra's possession of firearms that was found on Mr. Ybarra's telephone, Docket No. 44 at 5, supporting the argument that the jail calls relate to evidence relevant to both Count 1 and Count 2.

and 2, both charging a violation of 18 U.S.C. § 922(g)(1), are of the "same or similar character," Fed. R. Crim. P. 8(a), and involve overlapping time periods, *i.e.* May 10, 2025 (Count 1) and March 16, 2024 to May 14, 2025 (Count 2).  Moreover, Count 3 relates to both Counts 1 and 2 and therefore creates an additional link between Counts 1 and 2.

As the government notes, a separate trial of Counts 2 and 3 would necessarily require the government to introduce facts regarding Count 1 since Mr. Ybarra and Ms. Gonzales, on the jail calls, could have been referring to incriminating evidence on Mr. Ybarra's telephone regarding the May 10, 2025 incident only, and not referring to the Glock pistol.  Docket No. 96 at 12.  The government indicates that such evidence would be presented by the same witnesses who would testify in regard to Count 1.  *Id*. at 13.  The Court finds that the government has shown that joinder of Count 1 with Counts 2 and 3 for trial would conserve resources, avoid inconvenience to witnesses having to testify twice, and enhance the efficiency of the judicial system.  *Jones*, 530 F.3d at 1298.

Mr. Ybarra, however, claims that, under Rule 14(a), Counts 2 and 3 should be severed because joinder of such counts would prejudice him.  Docket No. 88 at 6.  First, Mr. Ybarra argues that evidence supporting Counts 2 and 3 would be inadmissible at trial as to Count 1.  *Id*.  However, while it is true that Mr. Ybarra's alleged possession of the Glock pistol is factually unrelated to his possession of ammunition on May 10, 2025, evidence of his alleged attempts to destroy evidence, as charged in Count 3, is relevant to Count 1.  Mr. Ybarra also argues that evidence of Count 2 would be unfairly prejudicial to Mr. Ybarra and be barred by Federal Rule of Evidence 404(b).  *Id*. at 7.  Before the return of the superseding indictment, Rule 404(b) provided a possible way by

6

which the government could have introduced evidence of the firearms found in Ms. Gonzales' apartment.  However, given that the superseding indictment now charges Mr. Ybarra with possession of the Glock pistol found in Ms. Gonzales' apartment, Rule 404(b) is no longer needed as a means of introducing evidence of that firearm.  Thus, the Court rejects Mr. Ybarra's Rule 404(b) argument.

Mr. Ybarra argues that the jury is likely to infer guilt as to Count 1 based on the evidence introduced to prove Mr. Ybarra's possession of the Glock pistol charged in Count 2.  *Id*. at 8.  The Court finds that the facts regarding Counts 1 and 2 are sufficiently distinct to make any such improper inference unlikely.  While courts have been sensitive to joining firearm charges with other counts, *see United States v. Mazon*, 2020 WL 1450566, at *3 (D.N.M. March 25, 2020), the danger of the jury learning of Mr. Ybarra's specific felony convictions through evidence the government may introduce to prove the § 922(g)(1) charges is obviated by the fact that, in his motion in limine, Mr. Ybarra indicated that he "will be stipulating to his felony status and [that] he knew he had been convicted of a felony."  Docket No. 44 at 6.  Limiting instructions, for instance one indicating that the jury should consider each count separately, would also minimize the risk of prejudice to Mr. Ybarra.  Finally, courts find "no essential unfairness when the relationship of the charges grew out of the defendant's own conduct."  *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983).  Here, Counts 2 and 3 are related to Count 1 through defendant's own conduct, as discussed above.[3]

---

[3] Mr. Ybarra asserts that he "retains his original speedy trial rights as to Count 1, and the Superseding indictment did not reset the clock on the timing for that count." Docket No. 88 at 8.  Therefore, he claims that failure to sever Count 2 and 3 "will impinge on Mr. Ybarra's speedy trial rights as to Count 1."  *Id*. at 9.  Given that the Court finds no basis to sever Counts 2 and 3, the joinder of Ms. Gonzales reset the speedy trial clock for Mr. Ybarra.  *See United States v. Olivo*, 69 F.3d 1057, 1061 (10th Cir.

IV.     **CONCLUSION**

Mr. Ybarra has failed to carry the "heavy burden of showing real prejudice," *Martin*, 18 F.3d at 1518, from the joinder of Counts 2 and 3 with Count 1.  The Court finds that any prejudice that he may suffer from a trial on all three counts does not outweigh the expense and inconvenience to witnesses, to the government, and to the Court from separate trials.  Moreover, the Court does not perceive any threat to Mr. Ybarra's right to a fair trial from joinder of Counts 2 and 3.

It is therefore

**ORDERED** that defendant Larry Ybarra's Motion to Sever Counts and Proceed to Trial on Count 1 as Scheduled [Docket No. 88] is **DENIED**.

DATED November 5, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

1995).  Mr. Ybarra does not argue and does not provide any basis to find a due process or constitutional violation of his speedy trial rights.  He states that the government informed him of preliminary DNA results related to the Glock pistol on July 29, 2025 and produced "detailed lab reports pertaining to the DNA analysis" on August 15, 2025.  Docket No. 88 at 4.  The superseding indictment was filed on October 8, 2025, Docket No. 69, during a trial continuance requested by Mr. Ybarra.  *See* Docket Nos. 65 and 68.

8